UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JANE DOE,

        Plaintiff,

                                            CASE NO. 1:18-CV-400

v.

                                            HON. ROBERT J. JONKER

HOLLAND CHRISTIAN EDUCATION
SOCIETY, d/b/a HOLLAND
CHRISTIAN SCHOOLS,

        Defendant.
_____/

## ORDER

Plaintiff brings claims against Defendant arising out of Defendant's response in the aftermath of sexual misconduct by a fellow student.[1] (First Am. Compl., ECF No. 16.) Plaintiff's mother originally brought the case in her name as next friend, but Plaintiff is no longer a minor and must proceed on her own. She seeks leave to proceed under pseudonym. (ECF Nos. 13, 14.)

Under the Federal Rules of Civil Procedure, every party must have his or her name stated in the case caption. *See* FED. R. CIV. P. 10(a); *Doe v. Porter*, 370 F.3d 558, 560 (6th Cir. 2004). Courts begin with the presumption of open judicial proceedings. *See Porter*, 70 F.3d at 560. A plaintiff may proceed under a pseudonym only in exceptional circumstances. *See Citizens for a Strong Ohio v. Marsh*, 123 F. App'x 630, 636 (6th Cir. 2005). A court may determine that "a plaintiff's privacy interests substantially outweigh the presumption" in favor of open judicial proceedings by considering factors such as: "(1) whether the plaintiffs seeking anonymity are suing

---

[1] Defendant acknowledges that it "is informed and believes that [the fellow student] pled guilty to Criminal Sexual Conduct 3, a violation of MCL 750.520d(1)(a)." (ECF No. 6, PageID.86.)

to challenge governmental activity; (2) whether the prosecution of the suit will compel the plaintiffs to disclose information 'of the utmost intimacy'; (3) whether the litigation compels plaintiffs to disclose an intention to violate the law, thereby risking criminal prosecution; and (4) whether the plaintiffs are children." *Porter*, 370 F.3d at 560 (quoting *Doe v. Stegall*, 653 F.2d 180, 185-86 (5th Cir. 1981)).

None of these exceptions persuasively applies here. Government action is not at issue, and Plaintiff is not risking any criminal prosecution. To the contrary, she was the victim of a crime, and the perpetrator has been identified in multiple public disclosures. As a crime victim, Plaintiff has nothing whatsoever to be ashamed of in describing what happened. Moreover, Plaintiff's identity is not really secret either because her mother originally brought the action in her own name, and that initial filing was the subject of multiple news articles. It is certainly true the case will likely involve discussion of sexual contact between Plaintiff and a fellow student. That can be uncomfortable, but sexual contact – consensual and non-consensual – between students is the regular subject of television, movies, and all manner of public media. Moreover, the focus of this case has less to do with the underlying sexual activity itself, and more to do with how the school responded to both the victim and the offender.

The general public interest in open proceedings requires a heavy basis to overcome, and Plaintiff has not met that burden here. *See Doe v. Megless*, 654 F.3d 404, 408 (3d Cir. 2011) (observing that the 'level of public interest in access to the identities of litigants' counsels against the use of a pseudonym). This Court routinely handles sensitive matters without pseudonyms. *See, e.g., Booth v. Coopersville Area Public Schools*, Case No. 1:08-CV-505 (W.D. Mich. 2009) (avoiding use of pseudonyms in case involving the alleged hazing and sexual assault of high school athlete). The same is true of sensitive matters involving sexual abuse and harassment. *See Johnson*

*v. Active Machine & Tool, Inc.*, Case No. 1:10-CV-95 (W.D. Mich. 2010) (avoiding use of pseudonyms in case involving the alleged sexual assault and rape of an employee).  In fact, the undersigned normally denies pseudonym requests in Title IX cases.  *See Irvin v. Grand Rapids Public School District*, Case No. 1:14-CV-1161 (W.D. Mich. 2014); *Brooks v. Benton Harbor Area Schools*, Case No. 1:17-CV-93 (W.D. Mich. 2017).

Litigation is presumptively public, and none of Plaintiff's arguments persuade the Court that privacy interests outweigh the presumption in favor of public proceedings here.

**ACCORDINGLY, IT IS ORDERED**:

Plaintiff's Motion to Proceed under Pseudonym (ECF Nos. 13, 14) is **DENIED**.  Plaintiff shall file an Amended Complaint in her given name not later than September 30, 2018.


Dated:     September 11, 2018                    /s/ Robert J. Jonker
                                                 ROBERT J. JONKER
                                                 CHIEF UNITED STATES DISTRICT JUDGE